UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIZY K. JOHN,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>LATTICE SEMICONDUCTOR CORPORATION,<br><br>　　　　　　Defendant. | Case No.: C 12-04384 PSG<br><br>**ORDER GRANTING-IN-PART MOTION FOR PROTECTIVE ORDER**<br><br>**(Re: Docket No. 70)** |

In this patent infringement suit, the parties dispute the propriety of the scope of the patent prosecution bar and restrictions on the plaintiff's access to "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" information provided by this district's Model Protective Order.  After carefully considering the parties' briefing and arguments presented at the hearing on the defendant's motion for protective order, the court offers the following preliminary observations.  First, it is true that Fed. R. Civ. P. 26(c)(1) places the burden of seeking any protective order on the party from whom discovery is sought, a tenet the Ninth Circuit underscored when it held that "a party… from whom discovery is sought bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm

1

Case No.: C 12-4384 PSG
ORDER

will result if no protective order is granted."[1]  Nevertheless, this district is authorized under Fed. R. Civ. P. 83 to establish a presumption of a so-called "prosecution bar" that extends to reexamination or review proceedings, an authority exercised by the combination of Section 6 of the district's Model Protective Order and Pat. L.R. 2-2.[2]  Under such circumstances, the burden is appropriately shifted to the patentee to establish that an exemption from the bar is appropriate.[3]  Second, especially in light of the Federal Circuit's teaching that a given prosecution bar must be evaluated on a case-by-case basis,[4] any prosecution bar should serve only to mitigate the risk of inadvertent use of proprietary information by a patentee, not to unduly burden a patentee with additional expense.  Third, while other courts have rejected any expansion of the prosecution bar to reexamination or review proceedings because neither permits the broadening of patent claims,[5] the fact remains that claims may still be restructured in these proceedings in a way that would undoubtedly benefit from access to an alleged infringer's proprietary information.

---

[1] *See Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003).

[2] *See* http://www.cand.uscourts.gov/stipprotectorder.

[3] *Cf. Kelora Sys., LLC v. Target Corp.*, Case No. 11-01548 CW (LB), 2011 WL 6000759, at *7 (N.D. Cal. Aug. 29, 2011) (holding "the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information").

[4] *See In re Deutsch Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010) ("the party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.").

[5] *See, e.g., Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 173 (E.D. N.Y. 2008) (noting that "unlike prosecution of an initial patent application, the Patent Act expressly curtails the scope of reexamination, prohibiting any claim amendment that would enlarge the scope of the initial patent"). *See also Mirror Worlds, LLC v. Apple, Inc.*, Case No. 08-88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009) (noting that "[c]laims can only be narrowed during reexamination; they cannot be broadened" and therefore concluding that "the risk of harm to Apple is already greatly limited"); *Document Generation Corp. v. Allscripts*, Case No. 08-479, 2009 WL 1766096, at *2 (E.D. Tex. June 23, 2009) (stating that "[b]ecause the reexamination process prohibits claim amendments that would enlarge the scope of the initial patent, Defendants' fears of expanded claim scope are largely misplaced").

2

Case No.: C 12-4384 PSG
ORDER

With each of these considerations in mind, the court is not persuaded that the plaintiff should be permitted access to "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" information.  Although not of the typical corporate form, Professor John is appropriately viewed as posing a direct competitive threat to the defendant.  While the court has no reason to question her integrity in handling such information, the reality is that John conducts research in fields relating to the technologies addressed in technical information already produced by the defendant and has written several recent papers in the specific area of memory technology.[6]  John's licensing of the patent-in-suit also poses a competitive threat.[7]  While the court accepts that John might avoid certain expenses by accessing the disputed information herself, such as those associated with retaining consultants and experts, she has not shown that the burden she would avoid is significant enough to her prosecution of the case to justify the risk of her inadvertent and unauthorized use of the information.[8]

At the same time, the plaintiff has persuaded the court that her litigation counsel may access such materials and still participate in reexamination proceedings before the Patent and Trademark Office, albeit in a limited way.  John's litigation counsel does not appear to be engaged in the type of "competitive decisionmaking" that would risk inappropriate use of the defendant's proprietary information.[9]  Things might be different if counsel had free rein in the PTO proceedings, but the court finds that litigation counsel is properly prohibited from assisting in any crafting or amendment of patent claims.  This squares John's litigation counsel with others in this district

---

[6] *Cf. Safe Flight Instrument Corp. v. Sandstrand Data Control Inc.,* 682 F.Supp. 20, 22-3 (D. Del. 1988); *Tailored Lighting, Inc. v. Osram Sylvania Prods., Inc.,* 236 F.R.D. 146, 149 (W.D. N.Y. 2006).

[7] See *Tailored Lighting,* 236 F.R.D. at 149.

[8] *Cf. RPA Int'l Pty Ltd. v. Compact Int'l, Ltd*, Case No. 06-1147 WQH (AJB), 2007 WL 4105725, at *3 (S.D. Cal. Nov. 16, 2007).

[9] *Cf. MicroUnity Sys. Eng., Inc. v. Dell, Inc.,* Case No. 04-CV120-TJW, 2005 WL 2299455, at * 2-3 (E.D. Tex. Aug. 1, 2005).

3

Case No.: C 12-4384 PSG
ORDER

permitting a limited role for litigation counsel in PTO reexam and review proceedings,[10] and outside of those prohibiting any such role.[11] While one might rightly question how Lattice is to police whether John's litigation counsel has crossed the line from mere participation to crafting or amendment of claims, the risk of counsel ignoring its duties is inherent even under Lattice's proposed total ban, and in any event counsel is presumed to follow its obligations to adhere to this court's orders.[12] Especially where, as here, reexamination or review proceedings are really nothing more than an extension of the litigation in the district court, there is even less of a reason to impose a total ban of the kind Lattice seeks.[13] It would be one thing if the two matters were truly independent of one another. But if the PTO and district court are just two fronts in the same battle, allowing a limited role for a patentee's litigation counsel while prohibiting counsel from crafting or amending claims is reasonable.

A final point: the court does not see any justification for John's proposal to limit the prosecution bar's triggering information to "new information." Even if the court could properly police the line around "new inventions or technology under development, or is the subject of a pending patent application," as John defines the "new information," John identifies no persuasive reason to withhold protection for information related to the products accused in this case.

Lattice shall file a complete proposed protective order consistent with this ruling without delay.

---

[10] *See, e.g. Shared Memory Graphics, LLC v. Apple, Inc.,* Case No. 10-2475 VRW (EMC), 2010 WL 4704420 (N.D. Cal. Nov. 12, 2010) and *Optimum Power Solutions LLC v. Apple, Inc.*, Case No. 11-01509 WHA (N.D. Cal. July 12, 2011) (protective order).

[11] *See, e.g. Pragmatus AV, LLC v. Facebook, Inc.*, Case No. 11-2168 EJD (PSG) (N.D. Cal. July 5, 2012).

[12] *See Nazomi Comms., Inc. v. Arm Holdings, PLC,* Case No. 02-02521 JF, 2002 WL 32831822, at *3 (N.D. Cal. Oct. 11, 2002).

[13] *Cf. Crystal Image Tech., Inc. v. Mitsubishi Elec. Corp.,* Case No. 08-307, 2009 WL 1035017, at *3 (W.D. Pa. Apr. 17, 2009).

4
Case No.: C 12-4384 PSG
ORDER

**IT IS SO ORDERED.**

Dated: May 7, 2013

                                                        */s/ Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

5

Case No.: C 12-4384 PSG
ORDER