UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| LIZY K. JOHN,<br><br>                    Plaintiff,<br><br>         v.<br><br>LATTICE SEMICONDUCTOR CORPORATION,<br><br>                    Defendants. | Case No. 5:12-cv-04384-PSG<br><br>**ORDER DENYING DEFENDANT'S MOTION SUMMARY JUDGMENT**<br><br>**(Re: Docket No. 99)** |

At the core of Defendant Lattice Semiconductor Corporation's motion for summary judgment is a dispute over the appropriate standard for indefiniteness.  The Federal Circuit teaches that a patent claim is indefinite if it is "insolubly ambiguous," but has articulated a wide variety of standards to apply when evaluating exactly what is and is not "insolubly ambiguous."[1]  Both

---

[1] *See, e.g., Power-One, Inc. v. Artesyn Technologies, Inc*., 599 F.3d 1343, 1350 (Fed. Cir. 2010) (finding that a claim is not indefinite if "the meaning of the claim is discernible, even though the task may be formidable and the conclusions may be one[s] over which reasonable persons will disagree."); *Young v. Lumenis*, 492 F.3d 1336, 1346 (Fed. Cir. 2007) (holding that a claim is not indefinite if it "can be given any reasonable meaning," in light of the claim language, specifications, and drawings.); *Datamize, LLC v. Plumtree Software, Inc*., 417 F.3d 1342, 1347 (Fed. Cir. 2005) (finding that the definiteness requirement "does not compel absolute clarity" and that a claim may be difficult to construe does not mean that the claim is not amenable to construction at all.); *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1211 (Fed. Cir. 2003) (holding that a claim is not indefinite "when a person experienced in the field of the invention would understand the scope of the subject matter that is patented when the claim is read in conjunction with the rest of the specification."); *Geneva Pharm., Inc. v. Glaxosmithkline PLC*, 349 F.3d 1373, 1384 (Fed. Cir. 2003) (holding that a claim is "insolubly ambiguous" if it is

parties claim to have identified *the* standard that represents "well-established law," while arguing that the other's standard is fundamentally incorrect.

The parties here are not alone in their debate. As it turns out, and as the Federal Circuit itself noted just last week, the Supreme Court is poised to address these very issues in *Nautilus, Inc. v. Biosig Instruments, Inc.*[2] *Nautilus* presents the Court with two questions: 1) is a patent claim indefinite if it is subject to multiple reasonable interpretations, and 2) how does the statutory presumption in favor of validity influence a court's analysis of its definiteness.[3] The answers to these questions will very likely be dispositive of the dispute between the parties here. The Court heard arguments in *Nautilus* last week, and a decision is expected by the end of June.[4]

In light of the guidance pending from a higher authority, the undersigned is loath to wade into this debate. Suffice it to say that as the Supreme Court commands, this court shall follow. Accordingly, Lattice's motion for summary judgment is DENIED without prejudice to refiling after the Supreme Court provides its views on the issues at hand. Any further motion practice also should account for the claim constructions provided by on April 17, 2014.

**IT IS SO ORDERED.**

Dated: May 8, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

"not clear enough that a person of ordinary skill in the art could determine whether a particular composition infringes or not" in light of the claim language alone); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001) (holding that a claim is not indefinite "when a person experienced in the field of the invention would understand the scope of the subject matter that is patented when the claim is read in conjunction with the rest of the specification.") (citing *Morton Int'l, Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1470 (Fed.Cir.1993).

[2] *In re Packard*, Case No. 2013–1204, 2014 WL 1775996, at *4 (Fed. Cir. May 6, 2014) (citing 715 F.3d 891, 898 (Fed.Cir.2013) cert. granted, ––– U.S. ––––, 134 S.Ct. 896 (2014)).

[3] *See id.*

[4] *See* Bartz, Diane, *U.S. High Court Takes Up Case Involving Ambiguous Patents*, REUTERS.COM, http://www.reuters.com/article/2014/04/28/usa-court-nautilus-biosig-idUSL2N0NH1VB20140428 (last visited May 8, 2014).